**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARRY L. MCCUE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 15-cv-1059-BAS(MDD)<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

　　　Plaintiff Garry L. McCue, a non-prisoner proceeding *pro se*, filed a complaint for several alleged injuries arising from an odor emanating from his 2008 Toyota Camry. This action is brought against Defendant Toyota Motor Sales, U.S.A., Inc. The Court previously granted Plaintiff leave to proceed *in forma pauperis*, but dismissed his complaint with leave to amend for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction. On June 25, 2015, Plaintiff timely filed his amended complaint.

　　　For the following reasons, the Court **DISMISSES WITH PREJUDICE** the action in its entirety for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. *SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. Section 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). As currently pleaded, it appears as though Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

In the two-page handwritten amended complaint, Plaintiff alleges several different physical ailments from the earlier complaint—including asthma, pacemaker syndrome, headache, coughing, and chest pain[1]—which all appear to be connected to an odor emanating from the dashboard of his 2008 Toyota Camry. The Court

---

[1] Plaintiff previously alleged that he suffered from glaucoma, a "heart condition," bowel obstructions, and depression as a result of the dashboard odor. It is unclear what prompted the drastic change in alleged injuries.

previously stated that it was unclear exactly what the claim or claims asserted against Defendant were. That has not changed. The first page of the amended complaint does not assert any legal claim for relief. And the second page has a list. That list mentions court documents, statutes, and letters, but nothing that adequately describes a legal claim for relief. Once again, the complaint is so incomprehensible that the Court is unable to determine what claim is asserted and whether Plaintiff states a cognizable claim for relief. Moreover, the amended complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).

## II.   CONCLUSION & ORDER

In light of the foregoing, the Court **DISMISSES WITH PREJUDICE** Plaintiff's complaint in its entirety for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir.2011) ("[A] district court may dismiss without leave where . . . amendment would be futile."); *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996) (holding that court may dismiss action pursuant to Federal Rule of Civil Procedure 41(b) if Plaintiff fails to comply with previous court order regarding amendment).

**IT IS SO ORDERED.**

**DATED: June 25, 2015**

**Hon. Cynthia Bashant**
**United States District Judge**